Case No. 21-1741

In the
# United States Court of Appeals
## for the Sixth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ZACHARY KENNEDY,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Western District of Michigan, Southern Division
No. 1:21-cr-00037 (Maloney, J.)

## DEFENDANT-APPELLANT ZACHARY KENNEDY'S PETITION FOR PANEL REHEARING,

DEBORAH A. SOLOVE
P.O. BOX 2403
WESTERVILLE, OH 43086
(614) 371-3983
msdasolove@gmail.com
Counsel for Defendant-Appellant
Zachary Kennedy

# TABLE OF CONTENTS

Page No.

Table Of Authorities.............................................................................. ii

Why Panel Rehearing Is Warranted ............................................................1

Argument ...........................................................................................3

I.   The Panel Misunderstood Or Misread The "Fresh" Texts As Involving The Drug "Crack" When The Texts Instead Concerned A Person Named "Crack" ...........................................................3

II.  An Accurate Reading Of The Texts Changes The Analysis Of The Nexus Issue ................................................................................5

Conclusion..........................................................................................8

Certificate Of Compliance ......................................................................9

Certificate Of Service ...........................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                    **Page No.**

*United States v. Dupree,* 323 F.3d 480 (6th Cir. 2003) ..............................6

*United States v. Hill,* 79 F.3d 1477 (6th Cir. 1996)...................................2


**Other Authorities**

Fed. R. App. P. 40(a)(2)............................................................................1

USSG § 2D1.1(b)(1) ...................................................................................2

USSG § 2D1.1 cmt., n. 11 .........................................................................2

## RULE 40(a)(2) STATEMENT REGARDING WHY PANEL REHEARING IS WARRANTED

Defendant-Appellant, Zachary Kennedy (hereinafter "Kennedy") respectfully submits that the opinion appears to have misunderstood or misread a key text that is the sole basis for its affirmation of the gun enhancement.  First, the panel erred factually when it misunderstood or misread "Fresh's" unfulfilled request to get methamphetamine from Kennedy as also involving Kennedy's offer to sell crack.  In fact, the reference to "crack" in the texts was to a person with the nickname "crack."  Second, based on that factual error, it then erred in finding that Fresh's unsolicited text request for meth satisfied the new rule announced by the panel:

> [In] a long-running drug-trafficking conspiracy, the government needs to show some nexus between the firearm possession—actual or constructive—and the defendant's activities in pursuit of the conspiracy; possession cannot simply be possession at any point during the conspiracy, without regard to any nexus.

Opinion, Doc. 46-2, PID 12. [1]

An accurate reading of the texts in which Kennedy declined to sell

---

[1] Items on the appellate docket will be referenced as "Doc. #, PID ##." Items from the District Court will be cited as "R. #, PageID #."

drugs to "Fresh" does not meet the requirement of "activities in pursuit of the conspiracy." Nevertheless, the opinion found that, without the "Fresh" text messages, the government would not have shown the requisite nexus. (*Id.*) Only if the government met its burden and if the weapon is "present" does a defendant need to show that it was "clearly improbable" that the weapon was connected to the offense. USSG § 2D1.1, cmt., n. 11(A); *United States v. Hill,* 79 F.3d 1477, 1485 (6th Cir. 1996). But for the opinion's mischaracterization or misreading of the text messages, the gun enhancement in USSG § 2D1.1(b)(1) is not applicable: and Kennedy had no burden of proof.

Whether or not the gun enhancement is applied in this case is a matter of approximately 3 years on Kennedy's sentence. If the government's slim thread of evidence in the "Fresh" texts was barely sufficient when they were misread, it disappears altogether when they are accurately understood. An incorrect reading and paraphrase of the texts would also be significant to future cases where, as here, there was no actual sale or distribution of drugs. It is worth the panel's time to make sure that an injustice has not occurred and that its new rule does not encompass a "non-sale" of drugs within its net.

2

## ARGUMENT

### I. THE PANEL MISUNDERSTOOD OR MISREAD THE "FRESH" TEXTS AS INVOLVING THE DRUG "CRACK" WHEN THE TEXTS INSTEAD CONCERNED A PERSON NAMED "CRACK"

The issue for the requested rehearing is tightly focused on a fifteen-minute text exchange initiated by an unidentified individual known only as "Fresh." The opinion relies only on this exchange on December 21, 2020, to find a nexus between the guns—discussed in texts with others earlier that day—and the drug trafficking conspiracy to which Kennedy pled guilty. (Opinion, Doc. 46-2, PID 4, 12):

> **Fresh**: You got sum vezzo
> **Owner**: How much
> **Fresh**: Zip
> **Owner**: Naw u want me to check wit chain ok crack got some for sure  I jus don't kno the price
> **Fresh**: Lmk the tixket
> **Owner**: DOA
> **Owner**: Crack want 400 and chain ain't in town but he didn't say if he had anything or not
> **Owner**: Naw my bad crack talking about 500
> **Fresh**: Yes I'm str8 I ain't paying 500

(Exhibit 2 to US Sent. Memo., R. 61-2, PageID## 380-381.)

The Opinion characterized this as a "potential drug sale" and paraphrased the text exchange as follows:  "When Fresh asked for an ounce (of methamphetamine), Kennedy replied he did not have that but

3

offered to put Fresh in touch with someone named Chain and mentioned that *he had crack 'for sure'*." (Opinion, Doc. 46-2, PID 4, 12, emphasis added.)  There are two problems with the opinion's paraphrase of the texts.  First, the paraphrase itself is ambiguous.  Does the pronoun "he" refer back to Chain or to "Kennedy."  In other words, did the panel believe that Kennedy was offering to sell crack or that Chain was?  Without the interpretation that Kennedy was offering to sell crack, these texts do not involve a "potential sale" of anything by Kennedy.  Second, the word "crack" in the context of these texts refers to a person with that nickname and not the illegal drug itself.  The slang, poor grammar, use of nicknames, and lack of punctuation and capitalization are typical of texts and make the exchange somewhat difficult to follow.[2]  Notwithstanding those drawbacks, the text pretty clearly uses the word "crack" to mean a person.  First, Kennedy says "crack has some for sure" and this makes no sense if "crack" is the drug and not a person.  The only antecedent for "some" is "vezzo" which makes the sentence read:  Crack has some vezzo (meth) for sure.  Next,

---

[2] The government provided no testimony or affidavits to explain any of the texts or affirm their source but simply attached them to its sentencing memorandum as Exhibits.

4

the texts explain that "crack want[s] 400" and then a correction that "crack [was] talking about 500." There is no possible interpretation in which an inanimate subject, such as the illegal drug crack, could want or talk about anything. These two active verbs only make sense if the subject of the sentence is a person. The government also read these texts as involving two individuals known as "Chain" and "Crack." US Appellee Br., Doc. 33, PID 43.

Based on an accurate reading of the texts, this was a non-sale of drugs by Kennedy. The panel could not have found them to represent a potential drug sale by Kennedy. At most they show a potential purchase by Fresh. Without the misunderstanding, would the government have shown a sufficient nexus between Kennedy's possession of a firearm and activity in furtherance of a conspiracy to distribute and possess with intent to distribute controlled substances? The answer is no.

## II. AN ACCURATE READING OF THE TEXTS CHANGES THE ANALYSIS OF THE NEXUS ISSUE

These misunderstandings or misreading of the texts are important to the ultimate decision here. The texts are more accurately characterized as a potential drug purchase by Fresh and not a

5

"potential drug sale" by Kennedy. (Opinion, Doc. 46-2, PID 12.) But that potential ended when Kennedy had no meth to sell. Kennedy never held out for sale, nor attempted to sell, any illegal drug on December 21, 2020, to Fresh. He answered Fresh that he did not have what Fresh wanted. At most, Kennedy appears to offer to put Fresh in touch with Crack or Chain. But this did not happen either. Thus, what the Opinion describes as barely enough evidence to show the nexus by a preponderance becomes something much less than that. (*Id*.) *See, United States v. Dupree,* 323 F.3d 480, 491 (6th Cir. 2003) ([t]he burden is on the government to prove, by a preponderance of the evidence, that a particular sentencing enhancement applies.") It was merely a non-sale of drugs initiated by Fresh and declined by Kennedy.

The panel's new rule requires the government to show a nexus between the gun and "the defendant's activities in pursuit of the conspiracy." It is clear that the government did not believe that it needed to show a nexus and made no attempt to do so. (US Appellee Br., Doc. 33, PID 37.) It argued that possession of a gun sometime during the period of the conspiracy was enough. (*Id*. at PID 39-41). It did not seek to prove a nexus. Without the misreading of the texts, the

6

"potential sale" by Kennedy becomes a non-sale. Surely this is no longer the bare amount of evidence the government needs to meet its burden. If the circle of adequate evidence is large enough to include a non-sale of drugs by a defendant as "an activit[y] in pursuit of the conspiracy," it would entangle even those who have withdrawn from a conspiracy and are no longer aiding it. For example, it could include an instance where an undercover officer solicited drugs from a defendant who declined to sell them. This would be an absurd result.

Kennedy's only known drug sales occurred a year earlier than Fresh's overture and were both made to a cooperating witness, CS-1. (Complaint, R. 1, PageID## 6-8; Indict., R. 18, PageID## 44-45). Within two months, law enforcement terminated CS-1's relationship with them because it "was no longer fruitful and could not provide any additional information on members of the" conspiracy. (Complaint, R. 1, PageID# 6, fn.1). CS-1 was later in state custody with pending gun and drug charges. (*Id.*).

Since the Fresh texts showed a non-sale of drugs by Kennedy, the government did not meet its burden for the gun enhancement. No burden shifted to Kennedy when the required nexus was not shown.

7

## CONCLUSION

Based on the foregoing, Defendant-Appellant Kennedy respectfully asks this Court to rehear this case regarding the points raised herein and to amend the opinion in this case to accurately reflect the Fresh texts and to reverse imposition of the gun enhancement.

Respectfully submitted,

/s/ Deborah A. Solove
DEBORAH A. SOLOVE,
Counsel for Defendant-Appellant,
Zachary Kennedy
P.O. Box 2403
Westerville, OH 43086
614-373-3983
msdasolove@gmail.com

8

## CERTIFICATE OF COMPLIANCE

Counsel for Appellant hereby certifies that the foregoing brief complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 32(a)(7)(B). The relevant portions of the foregoing brief contain 1517 words in Century Schoolbook (14-point) type. The word processing software used to prepare this brief was Microsoft Office Word 365, version 2016.

/s/ Deborah A. Solove

Deborah A. Solove
Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2023, I electronically filed the foregoing Petition for Rehearing with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to the attorneys who have entered appearances for the government at their e-mail addresses on file with the Court.

/s/ Deborah A. Solove
Deborah A. Solove

10